[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT
This condemnation appeal, by application for a reassessment of special damages, pursuant to Conn. Gen. Stat. § 13a-76, was filed by the appellant from the appellee's October 26, 2001 notice of condemnation and assessment of damages ("Notice"), which Notice included a legal description of the estate in real property acquired by the appellee, under the appellee's powers of eminent domain, concerning a certain piece or parcel of land, together with and all improvements situated thereon, situated in the City and Town of New Haven, County of New Haven and State of Connecticut and commonly known as 429 Forbes Avenue, New Haven, Connecticut, which acquisition is more particularly bounded and described within the Certificate of Taking dated October 26, 2001, which has been recorded on October 26, 2001 on the New Haven Land Records to evidence the vesting of title to the subject property in the appellee to which reference may be had ("Premises"), and the appellants praying for a reassessment of the appellee's assessment of the special damages, came to this Court on October 26, 2001; the appellee having assessed the special damages and having deposited same with the Clerk of the Superior Court for the Judicial District of New Haven for the use of all those entitled thereto and its condemnation appeal having come thence to a date, after notice of the pendency of the condemnation appeal having been given to all parties, the Court referred the condemnation appeal to the Honorable Robert I. Berdon, a Judge Trial Referee, vested with the powers of a Judge of a Superior Court ("Court") for all further proceedings including but not limited to hearing, determination and judgment and thence to August 8, 2002 when the Court heard the stipulations and agreements of the parties, acting by and through their counsel, received and reviewed the exhibits, marked as full exhibits by consent of all parties and accepted the stipulation of all of the parties' waiving the statutory viewing of the Premises. CT Page 9958
The Court, having heard the parties and reviewed the exhibits admitted into evidence, found the terms and conditions of the stipulations and agreements of the parties to be fair and the amount due the appellant as just compensation for the taking of the Premises is Four Hundred Fifty Thousand Dollars ($450,000.00) less the deposit of Four Hundred Twenty-Two Thousand Six Hundred Dollars ($422,600.00) for an excess of Twenty-Seven Thousand Four Hundred Dollars ($27,400.00) and the appellee shall pay the excess of Twenty-Seven Thousand Four Hundred Dollars ($27,400.00), which sum shall be deemed to be inclusive of any and all interest, costs, relocation assistance payments and appraisal fees to the appellant's attorneys of record for distribution to the appellant and the appellant shall not have any further rights or claims against the appellee arising out of or relating to the present condemnation appeal, the deposit case and/or the underlying condemnation.
Whereupon it is adjudged that Judgment shall enter on this date in accordance with the stipulations and agreements of the parties and the appellee shall pay the deficiency of Twenty-Seven Thousand Four Hundred Dollars ($27,400.00) to the appellant's attorney of record for the use of the appellant.
BY THE COURT (BERDON, JTR)
 Robert I. Berdon Judge Trial Referee